UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVERN RAY ELZY<br>CDCR #BC-2819,<br><br>                            Plaintiff,<br><br>vs.<br><br>J. DURAN, Correctional Officer,<br><br>                            Defendant. | Case No.: 3:20-cv-0545-JAH (BLM)<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

On March 20, 2020, Lavern Ray Elzy ("Plaintiff"), currently incarcerated at High Desert State Prison ("HDSP") located in Susanville, California, and proceeding pro se, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.[1] In addition, Plaintiff has submitted a trust account statement from HDSP which

---

[1] Plaintiff's Complaint indicates he is incarcerated at Kern Valley State Prison ("KVSP") [ECF No. 1], but his trust account statement indicates he is incarcerated at HDSP. *See* ECF No. 2. According to the California Department of Corrections and Rehabilitation's website, Plaintiff is currently incarcerated at HDSP. *See* https://inmatelocator.cdcr.ca.gov/Results.aspx (last visited May 13, 2020).

the Court construes as a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

## I. Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Plaintiff has submitted a prison certificate authenticated by a HDSP accounting officer. *See* ECF No. 2 at 1; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. This certificate attests that Plaintiff carried an average monthly balance of $0.00 and had average monthly deposits of $0.00 to his account over the 6-month period immediately preceding the filing of his Motion. *See* ECF No. 2 at 1. At the time of filing, Plaintiff had an available balance of $0.00. *Id.* at 2. Thus, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses his initial partial filing fee to be $0.00 pursuant to 28 U.S.C. § 1915(b)(1). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

**II.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A.    <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668

F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Allegations

Plaintiff alleges that on October 16, 2018, while he was incarcerated at R.J. Donovan State Prison ("RJDSP"), he locked his cell door which prevented Correctional Officer J. Duran from gaining entry. *See* Compl., ECF No. 1 at 3. Duran then "kicked and banged [the] cell door for 2 full minutes" until he was able to enter with four other correctional officers. *Id.* Duran placed a spit mask over Plaintiff's head and he and the other officers then physically assaulted Plaintiff for four minutes by kicking, punching and spitting on him while screaming a racial epithet. *Id.* After the assault, Plaintiff was "dragged to the Administrative Segregation Unit [Ad. Seg.]" where he spent eight days with no mattress and no toilet paper; he also claims "they" were spitting in his food. *Id.* While in Ad. Seg., Plaintiff claims Duran denied him medical care and stole his personal property. *Id.*

///

///

C.     Eighth Amendment Claims

Plaintiff alleges an Eighth Amendment conditions of confinement claim and an Eighth Amendment denial of medical care claim. *See* Compl., ECF No. 1 at 3.

1. Conditions of Confinement

Plaintiff claims that while he was in Ad. Seg. he was not provided with a mattress or toilet paper and that someone was spitting in his food. *Id.* "To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011), citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), *citing Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.") A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has not stated an Eighth Amendment conditions of confinement claim against Defendant Duran because his Complaint fails to contain factual allegations sufficient to show Duran was the individual who denied him access to a mattress and toilet paper or spit in his food. *See* Compl., ECF No. 1 at 3. He fails to explain what actions Duran took or failed to take, and how those acts or omissions resulted in a constitutional violation. *See Iqbal*, 556 U.S. at 678 ("[T]he plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."). Thus, the Court finds Plaintiff's Complaint requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(1) and § 1915A(b)(1) to the extent it seeks relief under § 1983 against Correctional Officer Duran for Plaintiff's Eighth Amendment conditions of confinement claim.

### 2. Medical Care

Plaintiff alleges Defendant Duran denied him medical care. *See* Compl., ECF No. 1 at 3. Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103, 104 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104).

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), citing *Estelle*, 429 U.S. at 103-104. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin*, 974 F.2d at 1059 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

///

To state an Eighth Amendment claim, Plaintiff's Complaint must contain "sufficient factual matter," and not just "labels and conclusions," *Iqbal*, 556 U.S. at 678, to plausibly show Defendant Duran's "purposeful act or failure to respond to [his] pain or possible medical need," and the "harm caused by [this] indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). "Deliberate indifference is a high legal standard." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)). In his Complaint, Plaintiff does not explain what his objectively serious medical needs were, nor does he include any further "factual content" to show that Defendant Duran demonstrated "deliberate indifference" to his needs. *McGuckin*, 974 F.2d at 1059-60; *Jett*, 439 F.3d at 1096; *Iqbal*, 556 U.S. at 678. Plaintiff's Complaint simply states that "Duran denied me medical attention." *See* Compl., ECF No. 1 at 3. This is not sufficient to state a plausible claim for relief, and the Court therefore finds that Plaintiff has failed to state an Eighth Amendment deliberate indifference to serious medical needs claim against Duran pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Iqbal*, 556 U.S. at 678 (to state a plausible claim for relief, the plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

### D.    Property Claims

Plaintiff alleges that Defendant Duran stole his personal property. *See* Compl., ECF No. 1 at 3. Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1405 (9th Cir. 1989). Neither the negligent nor intentional deprivation of property states a due process claim under section 1983 if the deprivation was random and unauthorized, however. *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, *e.g.* a state tort

action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to the deprivation, a statutory provision for post-deprivation hearing or a state common law tort remedy for erroneous deprivation satisfies due process); *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same). The Ninth Circuit has long recognized that California law provides such an adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Deprivations of property resulting from negligence, or "mere lack of due care" do not deny due process at all, and must be redressed through a state court damages action. *See Daniels*, 474 U.S. at 328 ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."); *id*. at 330 ("'To hold that this kind of loss is a deprivation of property within the meaning of the Fourteenth Amendment seems not only to trivialize, but grossly to distort the meaning and intent of the Constitution.'" (quoting *Parratt*, 451 U.S. at 545 (Stewart, J., concurring)). In fact, the Supreme Court has explicitly warned against turning the Fourteenth Amendment and § 1983 into a "font of tort law to be superimposed upon whatever systems may already be administered by the States." *See Paul v. Davis*, 424 U.S. 693, 701 (1976).

Thus, because Plaintiff claims Duran wrongfully deprived him of personal property, any remedy he may have lies in state court and his federal claim must be dismissed for failing to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126-27.

E. <u>Excessive Force Claims</u>

As to Plaintiff's excessive force allegations against Defendant Duran, however, the Court finds his Complaint contains plausible claims sufficient to survive the "low threshold" set for sua sponte screening as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Hudson v. McMillian*,

503 U.S. 1, 5, (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.") (citing *Hudson*, 503 U.S. at 7).

F.   Leave to Amend

Because the Court has determined that only Plaintiff's excessive force claims survive the sua sponte screening process, it will give Plaintiff the opportunity to either: (1) notify the Court of the intent to proceed with his excessive force claims against Duran only; or (2) file an Amended Complaint that corrects all the deficiencies of pleading identified by the Court in this Order. Plaintiff must choose one of these options within forty-five (45) days from the date this Order is filed. If Plaintiff notifies the Court that he wishes to proceed with only his Eighth Amendment excessive force claims, the Court will issue an Order directing the U.S. Marshal to effect service of his Complaint on Defendant Duran and dismiss all other claims originally included in that pleading.

## III.   Conclusion and Orders

For the reasons explained, the Court:

1.   **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

2.   **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the full $350 filing fee owed in this case, and to submit to the Clerk of the Court monthly payments in an amount equal to twenty percent (20%) of the preceding month's income, each time the amount in his account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.   **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

///

4. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) Notify the Court of his intention to proceed with his Eighth Amendment excessive force claims against Duran only; or (2) File an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be clearly entitled "Amended Complaint," include Civil Case No. 3:20-cv-0545-JAH-BLM in its caption, and must be complete by itself without reference to his original Complaint. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

5. The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for his use in amending, should he choose to do so.

**IT IS SO ORDERED**.

Dated: June 4, 2020

Hon. John A. Houston
United States District Judge